# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARCO ANTONIO LOZADA ALFONZO,

      Petitioner,

v.

                                 Case No. 2:26-cv-01716-MIS-KRS

WARDEN, Otero County Processing Center;
MARY DE ANDA YBARRA, in her official
capacity as El Paso Field Office Director,
U.S. Immigration and Customs Enforcement;
ACTING DIRECTOR of the U.S.
Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; and MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security,

      Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Marco Antonio Lozada Alfonzo's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 27, 2026. Respondents

Mary De Anda-Ybarra, Acting Director, U.S. Immigration and Customs Enforcement, Todd

Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Motion to Dismiss ("Motion")

on June 11, 2026, ECF No. 7.

Respondents request the Court deny the Petition. Id. at 1. Respondents argue that Petitioner

is being permissibly held under mandatory detention because Petitioner has not been in custody

---

[1]      Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

for more than six months while under a final order of removal and he is responsible for the delay in his removal. Id. at 4-5.

Petitioner is a Cuban citizen who entered the United States in 1980. Resp., Ex. A at 5, ECF No. 7-1. In 1985, Petitioner was convicted in Florida of conspiracy to traffic cocaine. Resp. at 2, ECF No. 7. He was issued a final order of removal on July 26, 1989. Id. Petitioner was subsequently convicted of felony drug abuse in Ohio in 1992 and felony receipt of stolen property in Kentucky in 1994. Resp., Ex. A at 6, ECF No. 7-1. Petitioner's claim for asylum was denied in 2005. Resp. at 2, ECF No. 7. Thirty-six years after the final order of removal was issued, and thirty-one years after Petitioner's most recent felony conviction, on December 11, 2025, ICE took Petitioner into custody. Id. at 3. On May 18, 2026, DHS requested Cuba take Petitioner, but "Cuba denied his repatriation." Id. On May 27, 2026, Petitioner filed the instant Petition. ECF No. 1. DHS is attempting to arrange Petitioner's deportation to Mexico, but Petitioner "verbally stated that he was unwilling to comply with such removal efforts to Mexico." Resp. at 3, ECF No. 7. DHS has "'repeatedly asked the Petitioner for cooperation' in removing him, 'but he [has] refused.'" Id.

"After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

2

§ 1231(a)(1)(C).

In a previous case, <u>Lin v. Warden</u>, the Court found the petitioner "remains in the mandatory detention period since he has refused to make a 'timely application in good faith for travel or other documents necessary to his departure.'" No. 2:26-CV-01274-MIS-JFR, 2026 WL 1328415, at *1 (D.N.M. May 13, 2026) (citing § 1231(a)(1)(C)). The circumstances here are similar.

Here, as of the date of issuance of this order, Petitioner has been held in custody for over six months while under a final order of removal, Resp. at 2, ECF No. 7, but there is a significant likelihood of removal in the reasonably foreseeable future because Respondents are arranging to deport Petitioner to Mexico, <u>id.</u> at 5. Petitioner has stated he is unwilling to comply with such efforts. <u>Id.</u> at 3. The Court finds that Petitioner remains in the mandatory detention period since there is a significant likelihood of removal in the reasonably foreseeable future and he has "act[ed] to prevent [his] removal subject to an order of removal," § 1231(a)(1)(C).

As he must remain in mandatory detention, there is no basis for release from custody, and his Petition is denied. Petitioner may file another petition in the future if his status has changed.

Accordingly, it is **HEREBY ORDERED** that Petitioner Marco Antonio Lozada Alfonzo's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE