**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARCO ANTONIO LOZADA ALFONZO,

      Petitioner,

v.

WARDEN, Otero County Processing Center;
MARY DE ANDA YBARRA, in her official
capacity as El Paso Field Office Director,
U.S. Immigration and Customs Enforcement;
ACTING DIRECTOR of the U.S.
Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; and MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security,

      Respondents.

           Case No. 2:26-cv-01716-MIS-KRS

**ORDER CONSTRUING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AS
A MOTION FOR RECONSIDERATION AND DENYING THE MOTION FOR
RECONSIDERATION**

      **THIS MATTER** is before the Court on Petitioner Marco Antonio Lozado Alfonzo's

Amended Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 10, filed July 16,

2026.

      On June 15, 2026, the Court issued an Order denying Petitioner's first Petition for Writ of

Habeas Corpus ("Petition"). ECF No. 8. The Court found 8 U.S.C. § 1231 applied to Petitioner

and Petitioner was not in prolonged detention because he was responsible for his own delay by

refusing to board the bus to Mexico. Id. at 2-3. The Court entered Final Judgment in favor of

Respondents on June 15, 2026. ECF No. 9. On July 16, 2026, Petitioner filed a pro se Amended Petition. ECF No. 10.

The Amended Petition challenges Petitioner's detention on the same grounds as his first petition: that it is unduly prolonged and he was not aware of the final order of removal issued against him in 1989. Pet. at 2, ECF No. 1; Am. Pet. at 7, ECF No. 10; Resp. at 2, ECF No. 7. As the Amended Petition is materially identical to the first petition, the Court construes the Amended Petition as a Motion for Reconsideration ("Motion") of the Court's Order denying his first petition. See 1:26-cv-01469, ECF No. 12.

The Court denies Petitioner's Motion because Motions for Reconsideration must be filed within twenty-eight days after the entry of judgment. F. R. Civ. P. 59(e). Petitioner filed his Motion thirty-one days after judgment. ECF Nos. 9, 10.

Furthermore, the Court would deny the Motion even if it were timely. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

To the extent that Petitioner seeks again to challenge his prolonged detention, the Court denies reconsideration because the Court has already addressed that issue, and a motion for reconsideration "is not appropriate to revisit issues already addressed." Id. If Petitioner believes the Court erred, he may appeal to the Tenth Circuit Court of Appeals.

To the extent that Petitioner raises a new basis for habeas relief, the Court denies reconsideration because a motion for reconsideration "is not appropriate to . . . advance arguments that could have been raised in prior briefing." Id. Petitioner may file a new petition for writ of habeas corpus limited to new issues in a separate filing that shall be assigned a new case number.

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner Marco Antonio Lozado Alfonzo's Amended Petition for Writ of Habeas Corpus, ECF No. 10, properly construed as a Motion for Reconsideration of the Court's Order Denying his First Petition for Writ of Habeas Corpus, ECF No. 8, is **DENIED**; and

2. Petitioner may assert his new grounds for habeas relief in a new petition for writ of habeas corpus in a separate case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE